**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KATRINA BROWN,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 2:26-cv-01070**<br>**Judge Edmund A. Sargus, Jr.**<br>**Magistrate Judge S. Courter M. Shimeall** |
| **CHARAH WILLIAMS, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Katrina Brown, proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 2000d and Ohio Revised Code § 5321.02(A)(2) against Charah Williams and Tamara Perry. (ECF No. 1-1.) Plaintiff also has submitted a request to proceed *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(e)(2), this matter is also before the Court for the initial screen of Plaintiff's Complaint to identify cognizable claims and/or to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Having performed the initial screen, and as detailed below, the Undersigned **RECOMMENDS** that Plaintiff's federal claim brought under 42 U.S.C. § 2000d be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under § 1915(e)(2), and that the Court **DECLINE** to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) such that

her state-law claim brought under Ohio Revised Code § 5321.02(A)(2) be **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

Plaintiff's allegations are sparse, but she generally alleges that Defendants, whom she characterizes as her "landlords," subjected her to discrimination based on the color of her skin by "knowingly making an intimidating telecommunication request with the intent to harass" her. (ECF No. 1-1, at PAGEID #: 7.) Allegedly, both Defendants requested at various times for Plaintiff to leave her front door unchained and unlocked. (*Id.*) She further alleges that Defendants discriminated against her by knowingly causing her to believe they would cause physical harm to Plaintiff's property in that Defendant Williams "would drill out" Plaintiff's front door lock. (*Id.* at PAGEID #: 8.) Plaintiff likewise alleges that both Defendants discriminated against her based on the color of her skin by threatening to, and eventually bringing, an action for possession of the premises. (*Id.*)

She seeks a total of $100,000.00 in damages and additional attorney's fees.

## II. LEGAL STANDARD

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, was enacted to allow a person of limited financial means to have access to the courts. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992). However, to prevent abuses of that leniency, the federal district courts must also review all *in forma pauperis* actions and dismiss any lawsuits or causes of action that the Court determines are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill*, 630 F.3d at 470–71 (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations," it does demand "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted). Thus, a complaint that asserts only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" will be insufficient. *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (citations and quotations omitted). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, although the Court is to liberally construe *pro se* complaints "and hold such complaints to a less stringent standard than pleadings prepared by attorneys . . . this lenient treatment has limits." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting in part *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). The Court "should not have to guess

at the nature of the claim asserted." *Wells*, 891 F.2d at 594. Stated differently, Rule 8 bars "a pleading party from 'cough[ing] up an unsightly hairball of factual and legal allegations, stepp[ing] to the side, and invit[ing] the defendants and the Court to pick through the mess and determine if plaintiffs may have pleaded a viable claim or two.'" *Hartzell v. Miami Cty. Incarceration Facility*, No. 3:17-CV-63, 2017 WL 2590199, at *2 (S.D. Ohio June 15, 2017) (quoting *Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011)).

## III. ANALYSIS

### A. Federal Claim—42 U.S.C. § 2000d

Title VI of the Civil Rights Act of 1964 states: "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. This statute does provide a private right of action for injunctive relief and damages for intentional discrimination. *M.J. by & through S.J. v. Akron City Sch. Dist. Bd. of Educ.*, 1 F.4th 436, 453 (6th Cir. 2021).

Upon review, and even when liberally construing the Complaint in favor of Plaintiff, the Undersigned finds that Plaintiff fails to allege essential facts to state a plausible claim for relief.

First, Plaintiff does not allege what race she is nor does she allege facts that would support that Defendants made decisions against her based on her race. For example, she does not allege that people of other races were treated differently, why she thought these decisions were racially motivated, or that Defendants made "racially-derogatory statements." *Albright v. Univ. of Cincinnati*, No. 1:26-CV-344, 2026 WL 2110547, at *3–4 (S.D. Ohio July 22, 2026) (finding lack of factual allegations weigh against finding an inference of discriminatory animus); *see also Linder v. Cleveland Clinic Found.*, No. 1:25 CV 2050, 2026 WL 27589, at *2 (N.D. Ohio Jan. 5, 2026)

(dismissing a Title VI claim when a plaintiff failed to provide basics facts such as her race or why she believed race was a motivating factor in the defendant's decision making); *Davis v. Walsh Kokosing Joint Venture*, No. 1:25-CV-393, 2026 WL 872675, at *15 (S.D. Ohio Mar. 30, 2026), *reconsideration denied*, No. 1:25-CV-393, 2026 WL 1947944 (S.D. Ohio July 6, 2026) (finding plaintiff's Title VI claim failed to state a claim because he made "no assertions as to how any of the alleged actions relate to his race." (citations omitted)).

Second, a claim under Title VI must be brought against an *entity* that accepts federal funding—individuals are not subject to liability under Title VI. *See St. John v. Cuyahoga Metro. Hous. Auth.*, No. 25-3522, 2026 WL 2061426, at *3 (6th Cir. July 9, 2026). Here, Plaintiff has only brought claims against individuals, and she likewise fails to allege that any entity of which the individual Defendants may have been part received federal funds. Both pleading deficiencies are detrimental to her Title VI claim. *See, e.g.*, *Cook v. Best*, No. 3:26 CV 266, 2026 WL 3025545, at *2 (N.D. Ohio Oct. 8, 2026) (finding Title VI allegations failed to state a claim when the complaint did not allege that the defendants received federal funding). Likewise, she also does not allege that an official of an entity who had the power to address the discrimination had actual knowledge of the discrimination and failed to take action, which is yet another reason why her Complaint fails to state a claim. *See, e.g.*, *St. John*, 2026 WL 2061426, at *3 ("An entity cannot be held liable [under Title VI] unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond." (citations and quotations omitted)).

At bottom, Plaintiff's Complaint fails to plausibly allege any facts to support the required elements of a claim under 42 U.S.C. § 2000d. The Complaint should therefore be dismissed.

**B. State-Law Claim—Ohio Revised Code § 5321.02(A)(2)**

Because it is recommended that all federal claims be dismissed, the Undersigned further **RECOMMENDS** that this Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over Plaintiff's state-law claim. *See Rouster v. Cty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." (internal quotation marks and citations omitted)).

**IV. CONCLUSION**

For these reasons, the Undersigned **RECOMMENDS** that Plaintiff's federal claim brought under 42 U.S.C. § 2000d be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under § 1915(e)(2), and that the Court **DECLINE** to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) such that her state-law claim brought under Ohio Revised Code § 5321.02(A)(2) be **DISMISSED WITHOUT PREJUDICE**. The Undersigned **FURTHER RECOMMENDS** that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**V. PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**